■ Francisco Olivares, Appellant, v Board of Education of the City School District of the City of New York et al., Respondents. [832 NYS2d 571]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered on or about September 8, 2005, which, inter alia, denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to compel respondents to expunge all references to certain charges of misconduct from petitioner's employment record, unanimously affirmed, without costs.

Petitioner, a tenured teacher employed by respondent Department of Education (DOE), seeks to have references to dismissed misconduct charges expunged from the files of the DOE's Administrative Trial Unit (ATU). He claims that this is required by Education Law § 3020-a (4) (b). However, the DOE is not required to expunge references to dismissed charges from the ATU files, since the files are not "employment records" within the meaning of Education Law § 3020-a (4) (b). Moreover, pursuant to 8 NYCRR Appendix I, the ATU is required to maintain records of dismissed disciplinary proceedings and charges for a minimum of three years after a final decision has been rendered. Since the last disciplinary ruling involving petitioner was rendered on or about May 14, 2003, the ATU was required to retain records pertaining to that ruling until May 14, 2006. Thus, the ATU could not have legally expunged the records from its files in January 2004 when petitioner commenced this article 78 proceeding. Concur—Andrias, J.P., Friedman, Marlow, Williams and Catterson, JJ.